# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SHEILA SCHMITZ and ROBERT SCHMITZ, Individually,
as Representatives of the Estate of JOANNE SCHMITZ, and
on Behalf of All Other Similarly Situated,

    Plaintiffs,

    v.                                      Case No. 18-CV-15

VALENTINE & KEBARTAS, LLC and
LVNV FUNDING, LLC,

    Defendants.

---

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

Sheila and Robert Schmitz (collectively the "Schmitzes") filed this putative class action against Valentine & Kebartas, LLC and LVNV Funding, LLC ("Valentine" and "LVNV"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Wis. Stat. §§ 421–427 (the "WCA"). The Schmitzes sue both in their individual capacities and as representatives of their mother's estate. For the reasons explained below, the defendants' motion is granted in part and denied in part.

## BACKGROUND

The Schmitzes are brother and sister and the adult children of Joanne Schmitz, who died on April 30, 2017. (Am. Compl. ¶¶ 3–6, Docket # 33.) They allege that prior to their mother's death, they resided at the same address as Joanne Schmitz and were appointed as her powers of attorney. (*Id.* ¶ 7.) The Schmitzes allege that they are the representatives of

Joanne Schmitz's estate; specifically, Sheila Schmitz was appointed Special Administrator of the probate estate and Robert Schmitz was authorized to review bills, invoices, and other financial correspondence on behalf of the estate. (*Id.* ¶ 8.)

On or about November 11, 2017, Valentine sent a debt collection letter to Joanne Schmitz at the address at which Joanne Schmitz resided with the Schmitzes. (*Id.* ¶ 33, Ex. A.) The alleged debt referenced in the letter is a Citibank credit card account, used only for personal, family, or household purposes, including but not limited to purchases of household goods and services. (*Id.* ¶ 34.) The Schmitzes allege that as Joanne Schmitz's caregivers, they received and read the debt collection letter addressed to Joanne Schmitz from Valentine. (*Id.* ¶ 36.) The debt collection letter contained the following:

> **WISCONSIN RESIDENTS:**
> This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

(*Id.* ¶ 37.) The Schmitzes allege that this language is a representation that the debt collector holds a Wisconsin Collection Agency License pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74. (*Id.* ¶ 38.) However, the Schmitzes allege that Valentine does not, in fact, hold a Wisconsin Collection Agency License and is not licensed by the Division of Banking or any other Wisconsin government agency. (*Id.* ¶¶ 39–43.) The Schmitzes allege that this representation constitutes a materially false statement in violation of the FDCPA. (*Id.* ¶ 44.) The Schmitzes further allege that they were confused by the collection letter, they had to spend time and money investigating the collection letter, and an unsophisticated consumer would be confused by the collection letter. (*Id.* ¶¶ 46–49.) The Schmitzes allege that LVNV is either directly or vicariously liable for Valentine's alleged violations. (*Id.* ¶ 45.) As

such, the Schmitzes sue Valentine and LVNV under 15 U.S.C. §§ 1692e, 1692(e)(1), and 1692(9) and Wis. Stat. § 427.104(1)(k). (*Id.* ¶¶ 52–62.)

## APPLICABLE RULE

The defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Valentine and LVNV allege that the Schmitzes lack standing to bring their FDCPA and WCA claims. The defendants' challenge to the Schmitzes' standing attacks the court's subject-matter jurisdiction and thus arises under Fed. R. Civ. P. 12(b)(1). *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–45 (7th Cir. 2009). In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge contends that even if the pleadings are formally sufficient there is *in fact* no subject matter jurisdiction. *Id.* A facial challenge argues that the plaintiff has not sufficiently alleged a basis of subject matter jurisdiction. *Id.* When addressing a factual challenge, the court may look beyond the pleadings; whereas when addressing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiffs.

Valentine and LVNV argue a facial challenge to the court's jurisdiction. (Defs.' Br. at 3–4, Docket # 38.) Thus, I evaluate the amended complaint pursuant to the standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Silha*, 807 F.3d at 173. Factual allegations in the complaint must be sufficient to raise the possibility of relief above a speculative level. *Twombly*, 550 U.S. at 555. Although detailed allegations are not required, the Schmitzes must allege facts that state a claim to relief that is plausible on its face. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That said, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* I must view all of the facts in a light most favorable to the Schmitzes (as the non-moving party) and only grant the motion if it is beyond doubt that the Schmitzes can plead no facts that would support their claims for relief. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991)*.*

## DISCUSSION

The Schmitzes allege that the debt collection letter addressed to their deceased mother, but received and opened by them, contained a false statement in violation of the FDCPA and the WCA. Valentine and LVNV argue that the Schmitzes' amended complaint must be dismissed because the Schmitzes lack standing to prosecute their claims both individually and as representatives of their mother's estate.

  1. *Individual Capacity Claims*

As an initial matter, although Valentine and LVNV argue for judgment on the pleadings as to both the Schmitzes' FDCPA and WCA claims, they do not separately argue standing or cite to any legal authority as to the WCA claims. However, given the fact that Wisconsin courts follow the policies underlying the FDCPA when interpreting the WCA, *see Brunton v. Nuvell Credit Corp.*, 2010 WI 50, ¶ 45, 325 Wis. 2d 135, 161, 785 N.W.2d 302, 314 ("Our construction is also in accordance with the policies underlying a federal consumer credit protection act, policies with which we are instructed to coordinate our interpretations

of the Wisconsin Consumer Act."), and the defendants have cited no contrary authority, I will address both claims together.

Valentine and LVNV argue that the Schmitzes lack standing to bring a claim under § 1692e. Specifically, they argue that Valentine's debt collection letter was addressed and directed to Joanne Schmitz. While Sheila and Robert were her powers of attorney during her lifetime, this position ceased upon Joanne's death and the Schmitzes fail to allege sufficient facts to demonstrate they fall within § 1692e's "zone of interest," whether in their individual or representative capacities. The Schmitzes counter that they fall within the statute's "zone of interest" because they were close family members of Joanne, they had authority to open and review Joanne's mail, and they resided at the same address as Joanne and are the primary beneficiaries of her estate.

### 1.1    Seventh Circuit Law

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. Standing under the FDCPA depends on the specific statutory provision allegedly violated. *See Todd v. Collecto, Inc.*, 731 F.3d 734, 738 (7th Cir. 2013) ("[E]ach provision of the FDCPA must be analyzed individually to determine who falls within the scope of its protection and thus to decide 'with respect to' whom the provision can be violated."); *see also Koval v. Harris & Harris, Ltd.*, No. 16-CV-8449, 2017 WL 1321152, at *1 (N.D. Ill. Apr. 5, 2017) ("A plaintiff who lacks standing under one provision of the FDCPA may well have standing under another."). Some provisions explicitly define their scope—for example, § 1692c states that it is limited to communications with "consumers," as defined in § 1692c(d). The Schmitzes sue Valentine and LVNV under 15 U.S.C. § 1692e, which obliges debt collectors to refrain from "any false, deceptive, or misleading representation or means in

connection with the collection of any debt." Unlike § 1692c, § 1692e does not specifically limit its scope to statements directed at "consumers." *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011).[1] Absent specific statutory instruction defining its scope, the Seventh Circuit has held that "only a person within a statutory provision's 'zone of interest' has standing to sue under it." *Todd*, 731 F.3d at 736; *see also See Gable v. Universal Acceptance Corp. (WI)*, 338 F. Supp. 3d 943, 956 (E.D. Wis. 2018) (quoting *Zehetner v. Chrysler Fin. Co., LLC*, 2004 WI App 80, ¶ 12, 272 Wis. 2d 628, 679 N.W.2d 919) ("Whether a person has standing to assert a claim under the WCA depends on 'whether the party seeking standing was injured in fact, and whether the interest allegedly injured is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'").

The principal case addressing the "zone of interest" in the context of a § 1692e claim is *O'Rourke v. Palisades Acquisition XVI, LLC*. In *O'Rourke*, a debtor collector sued O'Rourke in state court over an unpaid credit card debt. 635 F.3d at 939. The debt collector attached an exhibit to its complaint that O'Rourke alleged contained materially false and misleading information. *Id.* O'Rourke then sued the debt collector in federal court alleging that the exhibit violated § 1692e because it was meant to mislead the state court judge. *Id.*

The Seventh Circuit concluded that a potentially misleading communication to a judge was not actionable under § 1692e. In so finding, the court considered the fact that § 1692e does not specifically state to whom the representation has to be made for it to be actionable. *Id.* at 942. However, the court found that "[a]lthough the section's language has no specific limits, it cannot be so open-ended as to include, for example, a misleading letter sent to the

---

[1] Wis. Stat. § 427.104(1)(k), the provision of the WCA under which the Schmitzes sue, similarly does not limit recovery to "customers."

wrong address. There must be a limiting principle." *Id.* (internal citation omitted). The court further noted that as a general matter, the FDCPA's protections do not extend to third parties. *Id.* at 943. The court stated that "the Act is limited to protecting consumers and those who have a special relationship with the consumer—such that the Act is still protecting the consumer—from statements that would mislead these consumers." *Id.* Thus, the court found § 1692e limited to consumers and "those who stand in their shoes." *Id.*

While *O'Rourke* gave some shape to § 1692e's "zone of interest," explaining that it is limited to those who have a "special relationship" with the consumer and/or can be said to "stand in their shoes," it left the boundaries unclear. The Schmitzes rely heavily on the Seventh Circuit's subsequent decision in *Todd*, where the court clarified *O'Rourke*'s seemingly broad language. (Pl.'s Resp. Br. at 20–22, Docket # 39.) In *Todd*, the plaintiff alleged that a debt collector violated § 1692b and § 1692f of the FDCPA when it called him and told him that his mother owed money to a creditor. 731 F.3d at 736. The district court, relying on language from *O'Rourke*—"'[W]e read the Act's protections as extending to consumers and those who stand in the consumer's shoes and no others'"— concluded that Todd did not have standing to sue under *any* provision of the FDCPA because he was not the person alleged to owe the debt in question. *Id.* at 736–37. The Seventh Circuit agreed, but emphasized that this outcome hinged on the fact that Todd alleged violations of § 1692b and § 1692f, *not* § 1692e as in *O'Rourke* and this case, and cautioned against reading *O'Rourke* so broadly as to foreclose all FDCPA claims by persons other than consumers and their proxies. *Id.*; *see also Jordan v. BP Peterman Law Group, LLC*, No. 18-CV-1621, 2019 WL 698459, at *3 (E.D. Wis. Feb. 20, 2019) (noting the *Todd* court, in dicta, left open the possibility that non-consumers could have

standing to sue under § 1692e). Thus, after *Todd*, the boundaries of § 1692e's "zone of interest" remain unclear.

### 1.2    Application to This Case

Since *Todd*, several district court cases have opined on whether particular plaintiffs fell within § 1692e's "zone of interest." However, each case has materially distinguishable facts that make analogy to this case difficult.

The Schmitzes offer *Koval* to support the position that standing under § 1692e extends to those with informal authority to assist and provide care for a consumer. In *Koval*, the plaintiff was the legal guardian of her disabled father. Koval alleged that she had the authority to open her father's mail and make decisions on his behalf. Koval sued the debt collector under § 1692e and the debt collector challenged her standing to bring the claim in her individual capacity (i.e., as opposed to as her father's legal guardian). The court found that protecting "close associates" fulfills the FDCPA's purpose and "[f]ormal guardian or not, a daughter who provides daily care for a disabled parent fits comfortably within the same zone [of interest]." 2017 WL 1321152, at *2. The court further concluded that while Koval could have sued in her representative capacity as guardian, she need not. "A close family member who receives a misleading communication attempting to collect a debt may sue in her individual capacity under § 1692e." *Id.*

However, as Valentine and LVNV point out, *Koval* is distinguishable on one key fact— the parent was alive at the relevant time. (Defs.' Reply Br. at 5, Docket # 41.) The *Koval* court emphasized that one *giving daily care* to *a disabled parent* fits "comfortably" in the zone of interest the FDCPA protects. The Schmitzes were not giving daily care to a disabled parent

8

when they opened the letter. Instead, their parent was deceased, and it is not clear whether this fits so comfortably in the zone of interest the FDCPA is intended to protect.

For their part, the defendants point to cases in which the third party's formal appointment, or lack thereof, was a key factor. They cite *Hill v. Bayside Woods, Hoa Inc.*, No. 16-CV-916, 2017 WL 529601 (S.D. Ind. Feb. 9, 2017), which found that an adult daughter of a debtor did not have standing under § 1692e because her brother was their father's power of attorney. Like *Koval*, however, the distinguishing facts of *Hill* give it questionable value in this case. The debtor in *Hill* was alive and had a power of attorney, who clearly had the authority to "step into the shoes" of the debtor. The other case the defendants rely on, *Srachta v. Ditech Fin. LLC*, No. 17-CV-01370, 2017 WL 5903836 (N.D. Ill. Nov. 30, 2017), contains a sparse standing analysis that can add little to the development of a meaningful rule or standard on this issue. And in the end, whether there was a formal appointment may not matter: the defendants clarify that "they are not requesting a sweeping rule that only those who are appointed as executrix or personal representatives have standing to assert claims under the FDCPA." (Defs.' Reply Br. at 6.)

Thus, I am left with no rule or even any clear guidance on defining § 1692e's "zone of interest." At best, a few principles stand out. Given that the plain language of § 1692e does not limit its protections to consumers, its "zone of interest" is clearly broader than other provisions of the FDCPA. But as the *O'Rourke* court stated, § 1692e's protections must have a "limiting principle," and that "limiting principle" is some sort of "special relationship" between the consumer and the third party. *Id.* Based on the Seventh Circuit's cautionary language in *Todd*, I am not convinced that that "special relationship" must be a formal appointment, and as noted, the defendants appear to agree.

Looking outside this circuit, I find the Sixth Circuit's analysis in *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647 (6th Cir. 1994) persuasive. In *Wright*, the defendant debt collector sent fourteen letters addressed to Wright's mother after her death. *Id.* at 648. Wright, acting as executrix of her mother's estate, opened the letters. *Id.* Wright sued the debt collector under § 1692e. *Id.* at 649. In finding that Wright had standing, the court considered the fact that the FDCPA's enforcement provision, § 1692k(a), provides that "'*any* debt collector who fails to comply with *any* provision of this subchapter with respect to *any* person is liable to such person.'" *Id.* (emphasis in original). The court found that absent a limitation in the substantive provision, "the ordinary and common understanding of § 1692k is that any aggrieved party may bring an action under § 1692e." *Id.* at 649–50. The court concluded that given the FDCPA's broad language, the statute's purpose of eliminating abusive debt collection practices, and Congress' intent to make the statute self-enforcing, "the phrase 'with respect to any person' includes more than just the addressee of the offending letters." *Id.* at 650. The court concluded that "the phrase, at a minimum, includes those persons, such as Wright, who 'stand in the shoes' of the debtor or have the same authority as the debtor to open and read the letters of the debtor." *Id*.

Allowing a person who has the authority to open and read the debtor's letters to pursue a § 1692e claim fulfills the purpose of the FDCPA to protect "consumers and those who have a special relationship with the consumer—such that the Act is still protecting the consumer—from statements that would mislead these consumers." *O'Rourke*, 635 F.3d at 943. While the plaintiff in *Wright* also happened to be the executrix of the debtor's estate, *see* 22 F.3d at 650, one may be authorized to open and read the letters of the debtor without a formal designation, *see, e.g., Koval*, 2017 WL 1321152, at *2 ("Formal guardian or not, a daughter who provides

daily care for a disabled parent fits comfortably within the same zone [of interest].”). *But see* *Srachta*, 2017 WL 5903836, at *3 (“[N]one of the Plaintiffs were formally appointed as administrator when the letter was sent, so they did not have legal authority to receive the correspondence nor any obligation to repay the mortgage debt.”). In this case, the Schmitzes allege that they were authorized to open their mother’s mail. (Am. Compl. ¶¶ 8, 36.) While the defendants may challenge the validity of this authorization, at this juncture, the amended complaint alleges sufficient facts to show standing on the Schmitzes’ individual claims under the FDCPA and the WCA.

      2.     *Representative Capacity Claims*

Valentine and LVNV also challenge the Schmitzes’ standing to bring the FDCPA and WCA claims on behalf of their mother’s estate. As an initial matter, the law the Schmitzes cite in support of standing to pursue a claim on behalf of the estate is inapposite. They argue that because the FDCPA is remedial in nature, a cause of action under the FDCPA survives the death of a party. (Pls.’ Resp. Br. at 25.) While this may be true, *see, e.g.*, *Cuoco v. Palisades Collection, LLC*, No. CIV.A. 13-6592 JLL, 2014 WL 956229, at *4 (D.N.J. Mar. 11, 2014) (“[C]laims under the FDCPA survive the death of a party.”); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142 PSG MRWX, 2013 WL 6818245, at *3 (C.D. Cal. Feb. 25, 2013) (same), these cases address substitution under Fed. R. Civ. P. 25 after a party dies during litigation. That is not what happened here. No FDCPA action was filed until after Joanne’s death. In fact, the letter was not sent until after Joanne’s death. Because there was no lawsuit prior to Joanne’s death, there was no claim to survive her death.

To invoke standing, the Schmitzes cite to a Sixth Circuit case for the proposition that the FDCPA’s protections extend to entities as well as to natural persons. (Pls.’ Resp. Br. at

26 n.4, citing *Anarion Investments LLC v. Carrington Mortg. Servs., LLC*, 794 F.3d 568, 570 (6th Cir. 2015).) Again, this may be true as a general proposition, but it is unclear how the Schmitzes allege the estate was harmed in this case. In their brief, they argue that even if Joanne was not herself misled by the defendants' representations, "there was certainly a risk that her estate may have been, in which case the claim would have accrued to her estate such that Plaintiffs would also have standing to bring the claim in a representative capacity." (*Id.*) But there are no allegations in the complaint that plausibly claim the estate was harmed. In fact, the Schmitzes specifically allege that they received and read the debt collection letter as *the caregivers* of Joanne Schmitz (Am. Compl. ¶ 36); they do not allege that the letter was read or received in their capacities as representatives (whether formal or informal) of the estate. While the Schmitzes' allegations sufficiently plead claims in their individual capacities, by alleging that the letter was read as Joanne's caregivers, they have pled themselves out of court as to their representative capacity claims. For these reasons, the Schmitzes may pursue their FDCPA and WCA claims in their individual capacities, but not as representatives of Joanne's estate.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for judgment on the pleadings (Docket # 37) is **GRANTED IN PART** and **DENIED IN PART**. The plaintiffs may pursue their FDCPA and WCA claims in their individual capacities. However, their FDCPA and WCA claims made in their capacities as representatives of Joanne Schmitz's estate are dismissed.

Dated at Milwaukee, Wisconsin this 5th day of December, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge